**Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



FILED

Oct 12 2012, 9:21 am

CLERK
of the supreme court,
court of appeals and
tax court

ATTORNEY FOR APPELLANT:

**CHRIS P. FRAZIER**
Marion County Public Defender Agency
Appellate Division
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**MICHAEL GENE WORDEN**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| ROBIN McFARLAND, | ) | |
| | ) | |
| Appellant-Defendant, | ) | |
| | ) | |
| vs. | ) | No. 49A02-1203-CR-239 |
| | ) | |
| STATE OF INDIANA, | ) | |
| | ) | |
| Appellee-Plaintiff. | ) | |

APPEAL FROM THE MARION SUPERIOR COURT
The Honorable Marc T. Rothenberg, Judge
Cause No. 49F09-0910-FD-46425

**October 12, 2012**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**CRONE, Judge**

Robin McFarland appeals her conviction for class D felony theft following a bench trial. She argues that the trial court abused its discretion in admitting State's Exhibit 1, a six-photo array including McFarland's photograph, because the out-of-court identification procedure was unduly suggestive.

At trial, McFarland initially made an objection to the admission of Exhibit 1 based on inadequate foundation, which the trial court sustained. Tr. at 24-25. Later, McFarland objected to the admission of Exhibit 1 on the ground that there were other photo arrays shown to the State's witness that the defense had not seen. *Id.* at 48. The trial court granted a continuance to permit the defense to examine the other photo arrays, which were the photo arrays prepared regarding the other suspects in the crime. When trial resumed, defense counsel stated that he had had a chance to review the other photo lineups and had no objection to the admission of Exhibit 1. *Id.* at 56-57. Exhibit 1 was admitted.

McFarland specifically stated that she had no objection to Exhibit 1. When a party expressly agrees to the admission of evidence, any error in its admission is invited error. *Oldham v. State*, 779 N.E.2d 1162, 1171 (Ind. Ct. App. 2002), *trans. denied* (2003). "Invited errors are not subject to appellate review, and a party therefore may not invite error, and then subsequently argue that the error requires reversal." *Id*. As any admission of Exhibit 1 was invited error, it does not constitute reversible error. We therefore affirm McFarland's conviction.

Affirmed.

RILEY, J., and BAILEY, J., concur.